# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. JAROS, | ) | CASE NO. 3:12CV500 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MARC HOUK, Warden, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Vernelis K. Armstrong, recommending dismissal of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 11.) Respondent filed objections. (Doc. No. 12.) Petitioner Michael W. Jaros ("petitioner" or "Jaros"), who is represented by counsel, also filed objections, along with his opposition to the respondent's objections. (Doc. No. 13.) Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has conducted its de novo review of the matters raised in the objections. For the reasons discussed below, all objections are overruled and the petition for writ of habeas corpus is dismissed.

## I. BACKGROUND

On July 2, 2009, a grand jury returned an indictment against petitioner, charging him with two counts of rape (Ohio Rev. Code § 2907.02(A)(2) and (B)), one count of aggravated burglary (Ohio Rev. Code § 2911.(A)(2)), one count of kidnapping (Ohio Rev. Code § 2905.01(A)(4) and (C)), and one count of aggravated robbery (Ohio Rev. Code § 2911.01(A)(1)). (Doc. No. 9-1, Ex. 1.)

Following a jury trial in Lucas County Court of Common Pleas, petitioner was found guilty of aggravated burglary, kidnapping, and aggravated robbery. He was acquitted on the two rape charges. (Doc. 9-1, Ex. 3.) Petitioner was sentenced to three consecutive nine-year prison terms. (Doc. No. 9-1, Ex. 4.)

Represented by his trial counsel, on April 12, 2010, petitioner filed a direct appeal.[1] (Doc. No. 9-1, Ex. 5.) On September 30, 2011, the Sixth District Court of Appeals of Ohio affirmed the convictions and sentences. (Doc. No. 9-1, Ex. 8.) On November 3, 2011, represented by new counsel, petitioner appealed to the Ohio Supreme Court[2] and, on February 1,

---

[1] Petitioner asserted three assignments of error:

    1.    The trial court abused its discretion in admitting appellant's out of court statements over objection.

    2.    The trial court abused its discretion by not declaring a mistrial for references about appellant's custodial status.

    3.    Appellant's convictions were against the manifest [sic] weight of the evidence.

(Doc. No. 9-1, Ex. 6 at 75.)

[2] Petitioner raised three propositions of law:

    1.    When considering Appellant's claim that "the Trial Court abused its discretion in admitting Appellant's alleged out of court statements over objection," Evidence Rule 901 should be interpreted, as to email messages purportedly originating from the accused, to require foundational evidence establishing some indicia of the alleged sender of the email having access to the originating computer or other electronic device at the time that the email is sent.

    2.    When considering Appellant's claim that "the Trial Court abused its discretion by not declaring a mistrial for references about Appellant's custodial status," an appellate court must rely upon findings of fact that are not inconsistent with the verdict of the jury.

    3.    When considering a claim that "Appellant's convictions were against the manifest weight of the evidence," in the context of inconsistent verdicts, the rule in *Griffin v. State* (1868), 18 Ohio St. 438, should be modified such that although each count of an indictment charges a complete offense, and although the separate counts of an indictment generally are not interdependent, but are, and necessarily must be, each complete in itself, and although in determining the effect of a verdict that responds by designation to a given count the other counts of the indictment will be ignored, and the response of the jury to such other counts likewise ignored, an inconsistency does not arise, unless it arises out of inconsistent responses to the same count or out of inconsistent responses to counts that would be subject to merger had verdicts of guilt been rendered as to each, because allied offenses of similar import out of the same act are the "same count" for purposes of analyzing Ohio's general rule as to inconsistent verdicts.

2012, that court declined jurisdiction, dismissing the appeal as not involving any substantial constitutional question (Doc. No. 9-1, Ex. 12).

While his direct appeal was pending, on or about March 25, 2011,[3] represented by his trial counsel, petitioner filed a motion for new trial in the common pleas court. (Doc. No. 9-1, Ex. 20.) Pointing to the affidavits of two "witnesses," petitioner claimed to have "newly discovered evidence." On September 27, 2011, the court denied the motion. (Doc. No. 9-1, Ex. 22.) Petitioner apparently did not appeal the ruling.

On November 3, 2011, represented by the counsel who had represented him before the Ohio Supreme Court on direct appeal, petitioner filed an application to reopen his appeal.[4] (Doc. No. 9-1, Ex. 13.) On November 29, 2011, in a detailed opinion, the Sixth District

---

(Doc. No. 9-1, Ex. 10 at 122.)

[3] The filing date is not legible on the document filed in this Court. However, accompanying affidavits are dated March 25, 2011 and the state's memorandum in opposition is file-stamped April 12, 2011.

[4] Petitioner asserted that "[a]ppellate counsel dropped the ball by missing the two most important aspects of the trial." (Doc. No. 9-1, Ex. 13 at 158.) These two aspects were the inconsistent verdicts (i.e., having been found not guilty of rape, but guilty of kidnapping to facilitate rape) and the handling of the aggravated burglary charge in a way to deprive Jaros of substantial justice and due process. In addition, petitioner raised what he characterized as "new assignments of error," beyond the three raised by appellate counsel. These new assignments of error were:

4. The Trial Court erred by instructing the jury and answering a series of questions by the jury so as to imply to the jury that the "sexual activity" aspect of the Kidnapping charge could be consensual sexual activity and not sexual activity against her will.

5. Trial counsel was ineffective for not objecting to the jury instructions that caused the error described in Assignment of Error #4 and in not seeking clarification of the need that the sexual activity be "against her will" when the jurors asked questions exposing this misunderstanding by the jury of the elements of the Kidnapping charge.

6. The inconsistent verdict for Kidnapping was a result of juror belief that the sexual activity as consensual nonetheless sufficed and as such was against the manifest weight of the evidence as interpreted by the jury, namely that the sexual activity was in fact consensual.

7. The Trial Court erred by not instructing the jury as to the specific criminal offense means [sic] rea element in the Aggravated Burglary charge and in not using special verdicts or separate verdicts, as this case involved non-grouped theories by the prosecution, such that Mr. Jaros was denied due process of law.

8. Trial counsel was ineffective for not objecting to the jury instructions that caused the error described in Assignment of Error #7 and in not seeking clarification of the specific

3

Court of Appeals denied the application to reopen. (Doc. No. 9-1, Ex. 15.) Still represented by counsel, petitioner filed a notice of appeal to the Ohio Supreme Court;[5] this appeal was dismissed on February 22, 2012 as not involving any substantial constitutional question. (Doc. No. 9-1, Ex. 19.)

On March 1, 2012, represented by counsel, petitioner filed the instant petition for writ of habeas corpus. (Doc. No. 1.) The case was referred to the magistrate judge for a report and recommendation and is now at issue for resolution.

## II. DISCUSSION

### A.    Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at * 1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*,

---

criminal offense by way of jury questionnaires, special verdict forms, or separate verdict forms.

9.    Because of the inconsistent verdict for Kidnapping that was a result of juror belief that the sexual activity as consensual nonetheless sufficed and as such was against the manifest weight of the evidence as interpreted by the jury, namely that the sexual activity was in fact consensual, and because the Trial Court failed to explain which "any criminal offense" applied, the conviction for Aggravated Burglary was against the manifest weight of the evidence.

(Doc. No. 9-1, at 161, 166.)

[5] Petitioner raised the same propositions of law that he raised before the court of appeals. (Doc. No. 9-1, ex. 17.)

327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting its de novo review in a habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No.104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question

of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

In addition, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant [for a writ of habeas corpus] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.     The R&R's Treatment of Each Ground for Relief**

The petition alleges five grounds for relief, each with supporting facts:

**Ground One**: A State appellate court cannot deny a timely and complete motion to reopen an appeal without ruling upon whether there is or is not a genuine issue as to the effectiveness of appellate counsel.

*Supporting Facts*: The Ohio appellate system has a means of reopening appeals on the basis of ineffective assistance of appellate counsel. Mr. Jaros followed that procedure in a timely manner, asserting that appellate counsel missed several issues. The Ohio appellate court denied reopening by ruling that Mr. Jaros did not present "substantial grounds for relief," thereby limiting the issue not to whether counsel was or was not constitutionally ineffective but rather as to the merits of the underlying proposed assignments of error. This was done despite Ohio law not allowing Mr. Jaros a full and complete opportunity to brief the merits of his claims. The Ohio Supreme Court determined that no substantial constitutional question was raised, despite the right to effective assistance of counsel on a first appeal of right being unquestionably substantial as a matter of constitutional right. The genuine issue that was rejected involves the above-listed additional assignments, which boil down to a clear explanation that the inconsistent verdicts resulted from errant instruction to the jury on two points, as a result of which court error obviously induced a result that was against manifest justice, in that for example Mr. Jaros was acquitted of the rape but convicted of an act in furtherance of that acquitted rape, which is illogical.

6

**Ground Two**: A State appellate court cannot deny a timely and complete motion to reopen an appeal by reviewing the propositions of law on the merits but must instead limits [sic] its review before full briefing to the lesser standard of whether the appellant has shown a "genuine issue."

> *Supporting Facts*: See above. Also, consider the [sic] Ohio's reopening procedure must comply with due process and with the faithful preservation of the federal constitutional right. When the Sixth District, as affirmed by the Ohio Supreme Court, limited the review not to the question of the effectiveness of appellate counsel but instead to the merits of the argument, without Ohio procedures allowing for a briefing on that issue, the cart was before the horse. Mr. Jaros, by Rule and by page limitations, was not allowed to argue the merits unless and until he established ineffectiveness of counsel.  The Sixth District, however, never addressed effectiveness of appellate counsel but instead rejected the reopening without opportunity for full briefing because of a judgment of the merits.

**Ground Three**: If a State appellate court denies a timely and complete motion to reopen an appeal by reviewing the propositions of law on the merits, this operates as if reopening was granted but the merit arguments denied, such that a full right to appeal the proposed assignments or [sic] error arises.

> *Supporting Facts*: This issue is raised to in essence rebut any possible claim by the Respondent that somehow the remaining issues were not ruled upon in Ohio and hence somehow not subject to habeas review. See above for additional information.

**Ground Four**: Trial counsel was ineffective for not objecting to jury instructions, for seeking clarification of specific criminal offense by special verdict, & for not seeking clarification of the need that the sexual activity be "against her will."

> *Supporting Facts*: Mr. Jaros was charged with Rape and with Kidnapping for the rape. He was acquitted of the rape but convicted of the kidnapping of the type that required the rape (otherwise it would be "unlawful restraint" only). This of course makes no sense, as a person cannot possibly be acquitted of the act but convicted of a higher offense that includes that act and other acts, as these would be inconsistent verdicts. The jury instruction and follow-up Q&A convinced the jury that the sex tied to the kidnapping could be consensual sex, which is wrong. Defense counsel knew that they had this misconception but did not attempt to correct this, either by correcting the instructions or seeking better clarification when the jury inquired as to this.  This explains the mistake.
>
> Also, the indictment and instructions allowed the jury to reach different understandings as to the predicate for the Agg[ravated] Burglary, resulting in a potential non-unanimous verdict or even a verdict based upon some act that the jury thought to have occurred and to be criminal even if the same would not qualify or would not be criminal. Defense counsel did

nothing to address this, including no objections to the instructions and no request for special verdicts.

**Ground Five**: The Trial Court erred by instructing the jury and answering a series of questions by the jury so as to imply to the jury that the "sexual activity" aspect of the Kidnapping charge could be consensual sexual activity and not sexual activity against her will and by not instructing the jury as to the specific criminal offense means [sic] rea element in the Aggravated Burglary charge and in not using special verdicts or separate verdicts, as this case involved non-grouped theories by the prosecution, such that Mr. Jaros was denied due process of law.

>	*Supporting Facts*: Mr. Michael Jaros was indicted for June 17, 2009, acts of Rape (X2), Agg[ravated] Burglary, Kidnapping, & Agg[ravated] Robbery. Accuser and accused disagreed as to what happened. The jury heard both sides and acquitted Mr. Jaros of the alleged rape, despite agreement and clear proof that sex occurred, obviously because the sex was deemed consensual. However, strangely the jury concluded that Mr. Jaros was nonetheless guilty of the kidnapping charge, which requires that the sexual activity be done against her will. This inconsistent verdict seems to have resulted by a series of errors. First, the State in its opening statement accidentally misled the jury as to the elements of a violation of R.C. §2905.01(A)(4). The jury during deliberations had a question: How does sexual activity relate to the kidnapping charge? One of the jurors tried to clarify the question: JUROR: Look at the first paragraph of the kidnapping charge. Right under kidnapping, the first paragraph and read under the -- THE COURT: With the purpose to engage in sexual activity. The juror was cut off before explaining the concern. However, something was bothering the jury. So, they clarified further, with very interesting language: It doesn't imply from saying yes kidnapping from sexual activity if it could be on her consent, so it is right it wouldn't be. He had full intent. It appears that the unexplained inconsistency between the acquittals as to rape and the conviction for kidnapping for nonconsensual sexual activity was that the jury, because of the errors, thought that the "against her will" modified the unlawful restraint and that the "sexual activity" could be consensual without affecting guilt or innocence, a clear error. Thus, the jury likely would have acquitted Mr. Jaros of the Kidnapping charge as well had they understood the law. As both the Trial Court and the prosecutor also left the predicate offense for the Aggravated Burglary unclear, that acquittal for the Kidnapping may also have translated into an acquittal of the Aggravated Burglary (or a lesser offense conviction if properly presented to the jury).

The magistrate judge first concludes that there are no procedural barriers to review with respect to any of the grounds. Although acknowledging respondent's argument that grounds four and five are not exhausted, the R&R states that "there is considerable overlapping

8

in the substance of [p]etitioner's fourth and fifth claims for relief and [p]etitioner presented these claims or the substance of these claims in the supplement to the delayed Rule 26(B) application as part of the direct review process." (Doc. No. 11 at 1022.)

The R&R then addresses each ground and concludes as follows with respect to each:

**Ground One**: This ground addresses only the state's interpretation of its own laws or rules and implicates no federal substantive and/or procedural right. It therefore provides no basis for federal habeas relief.

**Ground Two**: This ground is merely a variation of ground one and, for the same reason, is not cognizable in habeas review.

**Ground Three**: This ground is a further variation of grounds one and two, with one exception: the state appellate court failed to permit petitioner to prove that the reason he failed to comply with the procedural rules was because of the ineffectiveness of his counsel. The R&R ultimately concludes that this claim "is still based on the appellate court's decision to apply its own procedural rules[,] [and] [f]ederal habeas review does not apply to evidentiary and procedural challenges to the state court determinations of state law questions." (Doc. No. 11 at 1025.)

**Ground Four**: The R&R finds that this ground presents a difficult question, but concludes, after reviewing relevant Ohio law with respect to the correspondence between rape (of which petitioner was acquitted) and kidnapping (of which he was convicted), that trial counsel's failure to object to the kidnapping instruction or to request a special verdict was not constitutionally ineffective under the deferential standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The R&R ultimately concludes that, since petitioner cannot establish

9

deficient performance, he also cannot show prejudice, that is, he cannot establish that but for trial counsel's professional errors, the result of his trial would have been different.

**Ground Five**: The R&R construes this ground as a claim for denial of due process and concludes that, for habeas relief to be granted on this claim, petitioner must show that the challenged instructions were so infirm that they rendered the entire trial fundamentally unfair. Because jury instructions are typically a matter of state law, petitioner's burden is quite heavy and the R&R concludes the burden is not met here.

## C.    De Novo Review of Objections

Both parties filed objections to the R&R. Respondent objects to the R&R's conclusion that grounds four and five are not procedurally barred. Petitioner objects to the R&R's conclusions with respect to each of the grounds raised in the petition; petitioner also opposes respondent's insistence that grounds four and five are barred. Due to the broadness of the objections, the Court finds it useful to simply give de novo review to each of the five grounds. In doing so, the Court takes into consideration the original briefing (i.e., the petition, the answer (styled as a "return"), and the reply (styled as a "traverse")), as well as the R&R and the objections.

As noted above in the section on standard of review, federal habeas review is very narrow. This Court can grant a petition for writ of habeas corpus only if it finds that the state court proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

10

United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).[6]

In his briefing throughout this case, including his objections, petitioner argues almost exclusively that the state courts misapplied state law and procedure, resulting in his original conviction, and affirmance of that conviction at all levels of appellate review. Of course, as properly pointed out by the R&R, questions of state law and procedure do not fall within the scope of this Court's review under § 2254. This Court is confined to examining claims that petitioner was denied his constitutional rights during the state court proceedings.

## 1.      Grounds One and Two

In grounds one and two, petitioner argues that the state appellate court did not follow *state law and procedure* when it considered his Rule 26(B) application to reopen his appeal. The "error" allegedly made by the state court was that it did not limit its analysis to whether appellate counsel on direct appeal had been ineffective for failing to raise several particular trial errors, but rather addressed those alleged errors on their merits and rejected all of them.[7] There is no relief for petitioner on the basis of this argument since "federal habeas corpus

---

[6] Interestingly, petitioner's objections cite only one Supreme Court case (*Pennsylvania v. Finley*, 481 U.S. 551 (1987)), and that case seems inapplicable to the proposition for which it is cited. Other than that, plus a passing mention of *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), petitioner's objections are entirely bereft of case law to guide this Court.

[7] In his traverse, petitioner asserts:

> The Ohio procedures for protecting this federal constitutional right [to effective assistance of appellate counsel] call for a mandatory reopening of an appeal "if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.["] However, the Ohio Sixth District Court of Appeals denied his application without addressing whether there was or was not a genuine issue as to effectiveness of counsel, which means that neither the Ohio rules nor the federal constitutional right were honored. Instead, the Sixth District, despite not allowing reopening and briefing on the merits, instead ruled upon the merits, which violated this Ohio rule, which dishonored the federal right, and which violated due process, the latter because Ohio procedures do not enable merits briefing until after the petition is addressed. It is manifestly unfair to rule upon the merits of an appellate litigant's arguments if that appellate litigant is precluded from arguing his merits.

11

relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

In his traverse, petitioner asserts for the first time that "there is a problem with the State of Ohio not addressing the effectiveness of appellate counsel in resolving a claim by Mr. Jaros that his federal constitutional right to effective assistance of appellate counsel was denied." (Doc. No. 10 at 302.) Then, in his objections, petitioner argues that "in [his] first ground for relief [he] had argued that the State of Ohio had denied [him] his constitutional right to effective assistance of appellate counsel because the State appellate court refused to open his appeal without even addressing [his] claim that he was denied effective appellate counsel."[8] (Doc. No. 13 at 1043.) Aside from the fact that petitioner simply did *not* make this argument in his petition (*see* Doc. No. 1 at 6, 8), he cannot transform a state law claim into a federal constitutional claim by simply reciting the formula of "ineffective assistance of counsel."

Even if petitioner had properly raised an ineffectiveness claim here, it would have no merit. He claims that the state appellate court's refusal to reopen his appeal to consider matters not raised on the direct appeal by his first appellate counsel *amounted to* a denial of effective assistance of appellate counsel. However, the *reason* one would even argue ineffectiveness of appellate counsel before a state court would be to convince the state court to reopen the appeal so as to consider matters allegedly not raised on direct appeal due to that ineffectiveness. Here, even though the appellate court stated that it would not reopen the appeal,

---

(Doc. No. 10 at 299-300.)

[8] Petitioner cites *Pennsylvania v. Finley*, *supra* (without a pinpoint citation), for the proposition that he is entitled to effective assistance of counsel on direct appeal. (Doc. No. 13 at 1043.) *Finley*, however, dealt with the right to *appointed* counsel during postconviction proceedings, not on direct appeal, and concluded there was no such right (and, as a result, no necessity to comply with the procedures for withdrawal of appointed counsel set forth in *Anders v. California*, 386 U.S. 738 (1967)). The case that established a right to effective assistance of counsel on first appeal as of right was *Evitts v. Lucey*, 469 U.S. 387 (1985).

in making that decision it actually *did* consider the matters allegedly not raised on direct appeal and petitioner, notwithstanding his argument to the contrary, had an opportunity[9] to argue the merits.[10] Even a cursory review of petitioner's brief in support of his Rule 26(B) application reveals that *all* it did was address the merits of the underlying alleged trial errors and merely mentioned in passing, without legal citations, the notion of ineffectiveness of counsel.[11] Petitioner can hardly fault the state appellate court for addressing the very arguments on the

---

[9] This Court concludes that, simply by the nature of the arguments set forth in his Rule 26(B) application, petitioner *took* the opportunity to brief the merits of the issues he claims were not raised during his direct appeal. (*See* Doc. No. 9-1, Ex. 13.) He did not need to be *given* the opportunity by the appellate court.

[10] There might be a different analysis if petitioner were arguing here that he was denied his right to effective assistance of *trial* counsel. While that may be implied in his arguments about alleged trial errors, he certainly makes no such argument for this Court to consider. In fact, he expressly argues that "[a]ppellate counsel dropped the ball" (Doc. No. 10 at 302), and again that "[t]he performance of prior appellate counsel was inexcusably deficient[ ]" (*id.* at 311). This Court has no duty to make arguments on petitioner's behalf that he did not himself make.

[11] In his traverse, petitioner argues:

> . . . Ohio calls for a procedure. The litigant first raises effectiveness of appellate counsel, with limited briefing to that issue. If he prevails, then the merits of the appellate arguments are briefed and considered. Ohio's Sixth District skipped over ruling on the effectiveness of appellate counsel, which is the critical issue that was briefed. Instead, despite not allowing Mr. Jaros to brief the merits of his proposed issues, the Court of Appeals denied his appeal for lack of merit on the underlying issues.

(Doc. No. 10 at 302.) The Rule 26(B) application to reopen was made in an eleven-page brief. Notwithstanding petitioner's assertions here, nine of those pages addressed the merits of the alleged trial errors. Finally, in three short paragraphs captioned "Argument as to Ineffectiveness of Appellate Counsel," petitioner argued as follows:

> The undersigned counsel for Mr. Jaros asserts herein, on behalf of Mr. Jaros, that the performance of prior appellate counsel was inexcusably deficient. A sworn statement to that effect is attached hereto and incorporated by reference as if fully rewritten, in accordance with Appellate Rule 26(B)(2)(d).
>
> As to the Kidnapping charge, appellate counsel should have noted the glaring problem of an inconsistent verdict as to the Kidnapping conviction but acquittal of the two counts of Rape. A careful review of the transcript would have caused counsel to raise the two additional Assignments of Error proposed above as to this general issue and would have encouraged different briefing as to the original Third Assignment of Error.
>
> As to the issue of the instruction on Aggravated Burglary, competent appellate counsel should have been familiar with the *Gardner* case, as the same is mentioned in as simple a way as in the Ohio Jury Instructions. Furthermore, this case is critical to understanding jury instructions on this charge. Competent appellate counsel should have recognized the problem unique to this case and therefore would have raised the proposed new Seventh and Eight [sic] Assignments of Error and would have included different briefing as to the original Third Assignment of Error.

(Doc. No. 9, Ex. 13 at 166-67.)

13

merits he raised in his Rule 26(B) application brief. And, since the state court *did* address his arguments, petitioner is unable to show any prejudice resulting from any ineffectiveness of his first appellate counsel.

This Court agrees with the R&R's ultimate conclusion that the precise issues raised in grounds one and two are not cognizable in federal habeas and, to the extent any constitutional claim is raised here, it lacks merit. Accordingly, grounds one and two are rejected and any objections are overruled.

### 2. Ground Three

In ground three, petitioner argues that, when a state appellate court reviews propositions of law on the merits, even if it does so without properly following state procedures, those propositions of law are thereby afforded "a full right to appeal[.]" (Doc. No. 1 at 9.)[12] Petitioner claims that ground three is intended to "rebut any possible claim [with respect to grounds four and five]. . . that somehow the remaining issues were not ruled upon in Ohio[.]" (*Id.*) He asks this Court "to rule on whether an issue is 'fairly presented' and ruled upon if the trial court is presented the issue and rules upon the merits of the same, despite the procedural irregularities." (Doc. No. 10 at 315.)

In this Court's view, petitioner is asking for an advisory opinion, which this Court will not give. To the extent ground three is raised to rebut an argument relating to grounds four

---

[12] In his traverse, petitioner argues that the state appellate court "effectively collapsed Ohio App. R. 26(B)(5) and (B)(7) into one proceeding, ruling upon the application reopening as if the same were granted under (B)(5) and merits reached under (B)(7)." (Doc. No. 10 at 314.) He claims, without any citation to case law, that "[d]ue process was violated when this happened, as well." (*Id.*) He claims that "courts sometimes do not follow their own rules [and] [w]hen that happens, we cannot just throw up our hands and say that the whole thing is void." (*Id.*) However, "[v]iolations of state procedural rules will not constitute a federal due process violation unless they violate fundamental notions of fairness." *DiBenedetto v. Hall*, 272 F.3d 1, 12 (1st Cir. 2001) (violation of pretrial procedures does not constitute a federal due process violation); *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3d Cir. 1997) ("errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."); *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983) ("a violation of . . . state procedural rules does not of itself raise constitutional questions reviewable by federal habeas courts.").

and/or five, such argument can be addressed specifically in the context of each of those grounds. Therefore, ground three is rejected and any objections are overruled.

> **3.    Ground Four**

In ground four, petitioner raises a claim that trial counsel was ineffective with respect to the kidnapping instruction at trial. He argues that this resulted in inconsistent verdicts, that is, he was found not guilty of rape, but guilty of kidnapping to engage in sexual activity against the victim's will. He asserts that, had counsel performed effectively, he would have been acquitted on the kidnapping charge.

Respondent objects to the R&R's conclusion that this claim is not procedurally defaulted. Relying upon *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008), *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), *Lott v. Coyle*, 261 F.3d 594, 612-13 (6th Cir. 2001), and *Moore v. Mitchell*, 531 F. Supp. 2d 845, 862 (S.D. Ohio 2008),[13] respondent argues that presentation of an underlying ground by way of a Rule 26(B) proceeding does not provide the Supreme Court of Ohio with a "full and fair opportunity" to consider the substance of the underlying claim. This is because a Rule 26(B) claim of ineffective assistance of counsel is "analytically distinct" from the claim underlying the ineffectiveness claim. *White*, 431 F.3d at 526. In all of the cases cited by respondent, the only issue addressed was counsel's alleged ineffectiveness, not the actual underlying claims. Here, the state appellate court *did* analyze the merits of the claims underlying the ineffective assistance claim and the Ohio Supreme Court was also given the opportunity to do so, but declined. The Court, therefore, overrules respondent's objection.

---

[13] Respondent also cites *Garner v. Mitchell*, 502 F.3d 394 (6th Cir. 2007); however, that opinion was vacated on January 3, 2008, following an en banc hearing.

Petitioner objects to the R&R's analysis of "[trial] counsel's professional judgment to refrain from objecting to the jury instructions [as] measured against the backdrop of Ohio law that creates an alliance between offenses arising from the same conduct." (Doc. No. 11 at 1027.) The R&R determined that it "must assess whether there is a recognized similarity between the elements of the crimes and if [p]etitioner could be acquitted of rape and convicted of kidnap[p]ing, notwithstanding that all the offenses arose from the same set of operative facts and occurred as a part of an ongoing course of events." (*Id*.) Petitioner argues that the problem with this analysis is that he was not charged with the generalized offense of "kidnapping;" rather, he was charged under the section of the kidnapping statute that stated "[n]o person, by force, threat, or deception . . . shall . . . restrain the liberty of the other person, . . . [t]o engage in sexual activity . . . with the victim against the victim's will[.]" Ohio Rev. Code § 2905.01(A)(4). He asserts that trial counsel's error in failing to object to the faulty jury instruction "enabled the inconsistent verdicts by the jury, so as to deprive [him] of his constitutional right to effective trial counsel." (Doc. No. 13 at 1048.)

To prove ineffective assistance of trial counsel, petitioner must show both that counsel's performance was deficient *and* that the deficient performance prejudiced him, depriving him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Muniz v. Smith*, 647 F.3d 619, 624 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1575 (2012). To establish deficient performance by counsel, petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To establish prejudice, petitioner "must show that a reasonable probability exists that, but for counsel's deficient performance, the result of the proceedings would have been different." *Muniz*, 647 F.3d at 624 (quoting *Tibbetts v. Bradshaw*, 633 F.3d 436, 442 (6th Cir. 2011)). "[A] court must indulge a

16

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland*, 466 U.S. at 689.

Here, petitioner asserts that trial counsel was ineffective for failure to object to the following jury instruction relating to the charge of kidnapping:

> . . . Before you can find the defendant guilty [of kidnapping], you must find beyond a reasonable doubt that on or about the 17th day of June, 2009, in Lucas County, Ohio, the defendant Michael Jaros knowingly by force, threat, or deception, did knowingly remove another from the place where she was found, or restrain another of her liberty, with the purpose to engage in sexual activity, as defined in Ohio Revised Code 2907.01, and against her will.

(Doc. No. 10-5 at 971.) Petitioner challenges the insertion of the word "and" prior to "against her will." In his traverse, he asserts: "This inclusion of the word 'and' suggests that the purpose was to engage in sexual activity, even if consensual, if the restraint was against her will. Removing the 'and' makes clear that the sexual activity must be against her will." (Doc. No. 10 at 316.)  In his objections to the R&R, petitioner further asserts: "By allowing the jury to improperly convict if the restraint was for consensual sexual activity, in the context of an acquittal for rape because the admitted sexual activity was consensual, trial counsel clearly provided deficient performance." (Doc. No. 13 at 1051.) In petitioner's view, had the kidnapping instruction been properly crafted, he would have been acquitted of kidnapping and, therefore, his trial counsel's failure to object to the jury instruction prejudiced him.[14]

---

[14] Petitioner also asserts that the jury was confused, as evidenced by the following question it posed to the trial court during deliberations:

> COURT:           . . . The question is how does sexual activity relate to the kidnapping charge; correct?
>
> JURORS:          Uh-huh.
>
> * * *
>
> COURT:           . . . I guess I don't understand the question.

17

Whether or not petitioner is correct that addition of the word "and" to the kidnapping instruction resulted in an inaccurate instruction under state law, he "is only entitled to AEDPA relief if defense counsel's failure to request [different] language 'fell below an objective standard of reasonableness' and created a 'reasonable probability' that, had the [language been correct], 'the result of the proceeding would have been different.'" *Seaman v. Washington*, 506 F. App'x 349, 361 (6th Cir. 2011) (quoting *Strickland*). Therefore, although this Court cannot grant habeas relief based purely on a state law claim (i.e., a jury instruction that allegedly violated Ohio law), *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), it can consider whether petitioner's trial counsel was ineffective for failing to object to a jury instruction.

"A challenge to a jury instruction may not be judged in artificial isolation but must be considered in the context of the instructions and the trial record as a whole." *Seaman*, 506 F. App'x at 361 (quotation marks and citation omitted). This Court is "obligated to consider

| | |
|---|---|
| JUROR: | Look at the first paragraph of the kidnapping charge. Right under kidnapping, the first paragraph and read under the -- |
| COURT: | With the purpose to engage in sexual activity. |
| JUROR: | So like a premeditated attempt to go there. |
| COURT: | You have to look at the definition then. It says with purpose. You have to look at whether that element is met. |
| JUROR: | If we say yes kidnapping, do we also say yes rape? |
| COURT: | That's -- I can't tell you what to do. I mean, you have to make that decision. |
| JUROR: | It doesn't imply from saying yes kidnapping from sexual activity if it could be on her consent, so it is right it wouldn't be. He had full intent. |
| COURT: | Okay. All right. You're probably telling me too much right now. You have to look -- you have to look at each of these counts individually, okay, and make your decision individually, you know, each count and go through the elements. |
| JUROR: | Nothing rolls over to the next one? Nothing reflects on the next one? We don't have to say yes to one and -- |
| COURT: | As was indicated, you can find in any number of ways, because you can find him guilty or not guilty on each count. You can find -- each count must stand by itself, if I can make that. So one doesn't necessarily lead to another. |
| JUROR: | Okay. That answers that. |

(Doc. No. 10-5 at 987-990.)

18

'whether there is a reasonable likelihood that the jury [ ] applied the challenged instruction in a way that violates the Constitution.'" *Id.* (quoting *Estelle*, 502 U.S. at 72) (alteration in original). "The category of infractions related to flawed jury instructions that can render an entire trial fundamentally unfair is narrow." *Id.*

Here, it is speculation that, because trial counsel failed to object to the insertion of the single word "and" into the instruction, the jury was thereby confused regarding the essential elements of the crime of kidnapping, resulting in a violation of due process brought on by counsel's ineffectiveness.[15]

Even assuming, for the sake of this analysis, that it was objectively unreasonable for trial counsel to fail to challenge to the jury instruction, petitioner cannot show prejudice, that is, he cannot show, as he asserts, that he necessarily should have been acquitted on the kidnapping charge simply because he was acquitted on the two rape charges.[16] Under Ohio law, a person can be found guilty of kidnapping with a purpose to engage in sexual activity without also being found guilty of rape. *State v. Rose*, No. CA2011-11-214, 2012 WL 5994971, at *18 (Ohio Ct. App. Dec. 3, 2012) ("To be guilty of rape in violation of R.C. 2907.02(A)(2), the state had to prove that [defendant] engaged in sexual conduct with [the victim] and purposely compelled her to submit by force or threat of force. To be guilty of kidnapping in violation of R.C. 2905.01(A)(4), the state had to prove that [defendant] moved [the victim] by force or restrained her liberty in order to engage in sexual activity against her will.") Therefore, trial

---

[15] *See*, *Jackson v. Virginia*, 443 U.S. 307, 316 (1979) (due process requires that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof--defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense").

[16] Petitioner places great reliance on the questioning of the jury quoted in note 14, *supra*. He asserts that the jury wanted to know whether it had to acquit on kidnapping if it acquitted on rape. However, the Court believes that the jury's question could actually be read with an opposite meaning, that is, the jury could have been asking whether it was permitted to acquit on rape if it was convicting on kidnapping. (The jury asked: "If we say yes kidnapping, do we also say yes rape?" (Doc. No. 10-5 at 989)).

counsel's failure to object to the "and" in the kidnapping jury instruction does not meet the *Strickland* test for ineffective assistance.

Upon de novo review of ground four, the Court concludes that it has no merit since petitioner cannot establish ineffective assistance of trial counsel.

### 4.  Ground Five

In ground five, petitioner alleges the following trial court errors: (1) an incorrect jury instruction on kidnapping, along with a response to a jury question relating to the instruction, implying that the "sexual activity" for purposes of the kidnapping charge could be consensual; (2) failure to instruct the jury as to the specific mens rea for the aggravated burglary charge; and (3) failure to use special or separate verdicts. The petition makes no direct constitutional argument, although it briefly alleges a "due process" violation. The traverse asserts that ground five "raises the issue of due process and the right to trial by jury in the trial court's errant instructions and insufficient handling of the verdict forms." (Doc. No. 10 at 324.) There is no argument made to support these constitutional allegations. The traverse merely states, in a cursory fashion and apparently with reference to the argument made for ground four, that "[t]he issue has been explained multiple times, above." (*Id*.)

The R&R construes ground five as raising "a state procedural claim[ ]" (*see* Doc. No. 11 at 1030), and determines that "[a] petitioner must establish that, taken as a whole, the instructions were so infirm that they rendered the entire trial fundamentally unfair." (*Id*. at 1031.) The R&R found the relevant portions of the jury instructions to be "substantially correct[.]" (*Id*.)

Upon de novo review, having carefully read the petition and the traverse, the Court concludes that petitioner has failed to establish a due process violation or a violation of the constitutional right to trial by jury. The traverse's two-sentence assertion that the issue has been

"explained multiple times" simply does not meet petitioner's heavy burden under AEDPA. Any explanation that may have been made with respect to ground four's ineffectiveness claim does not satisfy petitioner's burden for purposes of establishing another constitutional claim.

Accordingly, ground five is rejected and any objection with respect to that ground is overruled.

# III. CONCLUSION

For the reasons discussed herein, upon the Court's de novo review, all objections to the R&R are overruled and the petition for writ of habeas corpus is dismissed. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: September 23, 2013

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

21